# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RYAN MCMORRIS**,

    Plaintiff,

v.                                                           Case No. 16-cv-1417

**J. WATERMAN,** *et al.*,

    Defendants.

## ORDER

Plaintiff Ryan McMorris, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. §1983. (ECF No. 1). On November 8, 2016, Mr. McMorris consented to jurisdiction before a U.S. Magistrate Judge. (ECF No. 5). This matter is before the Court for screening of the complaint. For the reasons discussed below, the Court recommends that Mr. McMorris' complaint be dismissed for failure to state a claim upon which relief can be granted.

*Complaint Allegations*

On March 28, 2016, Mr. McMorris injured himself while playing basketball. (ECF No. 1, ¶¶ 7-8). He heard a pop in his knees, fell to the floor, and could not put pressure on his right leg. (*Id.*) Prison staff took Mr. McMorris to the Health Services Unit (HSU) and Nurse Edge examined him. (*Id.*) Nurse Edge stated that his knee was a little swollen but that he would be "ok." (*Id.*) She issued a "medical restriction" for three days of ice and six days of crutches. (*Id.*)

Two days later, on March 30, 2016, Nurse Practitioner Addison (not a defendant in the case) examined Mr. McMorris again. (*Id.*, ¶ 9.) NP Addison stated that there was "something seriously wrong" with his right knee because it was still swollen and he still could not put any pressure on it. (*Id.*) She wrote in the "notes" that Mr. McMorris needed an MRI, crutches, an Ace wrap, ice three times a day, Ibuprofen, and consultation with an orthopedic doctor. (*Id.*) She also wrote that Mr. McMorris should contact her if the condition gets worse. (*Id.*) Nurse Edge changed the prior medical restriction to "ice (3) times a day from 3/30/16 until 4/1/16, with no other restrictions changed." (*Id.*, ¶ 10.)

Mr. McMorris wrote to HSU four more times between April 1, 2016 and May 13, 2016. (*Id.*, ¶¶ 11, 13, 14, 17.) Each request stated that he was still in pain and needed medical attention for his knees. (*Id.*) Nurse Edge, Nurse Wood, and Nurse Bethel (not a defendant in the case) continued to change his medical restrictions with each request, although they did not give him the "long term" restrictions that he wanted: on April 2, 2016, Nurse Wood renewed the restriction for ice and approved his request for a "feed cell" between 4/2/16 and 4/5/16 (*id.*, ¶ 12); on April 20, 2016, Nurse Edge approved a restriction for "no work," "day room only," and "extra pillows" from 4/20/16 to 5/4/16; she also approved ice and crutches from 4/20/16 to 4/23/16 (*id.* ¶ 15); on April 27, 2016, Nurse Bethel approved a restriction for "spectator only at recreation" from 4/27/16 and 5/4/16 (*id.*, ¶16); on May 13, 2016, Nurse Edge prescribed a muscle rub and acetaminophen tablets four times a day, as needed (*id.*, ¶19).

2

On May 25, 2016, Mr. McMorris received the MRI that NP Addison had ordered on March 30, 2016. (*Id.*, ¶ 22). The results showed that Mr. McMorris had torn several ligaments in his knees and legs, had bone contusions, and knee joint problems. (*Id.*) After this diagnosis, Mr. McMorris wrote to HSU six more times, between June 13, 2016 and July 28, 2016, stating that he was still in severe pain and needed to "move the surgery up." (*Id.*, ¶¶ 23, 25, 27-30.) HSU wrote back that Mr. McMorris had to have an orthopedic consult first, which they were in the progress of scheduling, and that they would schedule the surgery after the consult. (*Id.*, ¶ 23.)

On June 16, 2016, Registered Nurse Anderson (not a defendant in the case) issued a medical restriction for a splint and brace, which Mr. McMorris received on June 29, 2016. (*Id.*, ¶¶ 24, 26.) On July 13, 2016, Health Services Manager Waterman renewed the prescription for Tylenol and Ibuprofen for six additional months. (*Id.*, ¶ 27.) Mr. McMorris requested to see Dr. Schmidt, and not a nurse, given the severity of his injuries. (*Id.* ¶¶ 28-29.) HSU wrote back stating that they had already scheduled him to see Dr. Schmidt, but Dr. Schmidt was not available at the prison until the first week of August. (*Id.*, ¶ 29.) HSU also told Mr. McMorris that because Dr. Schmidt was not available, he could see Tanya Bonson immediately if he wanted. (*Id.*)

Mr. McMorris saw Dr. Schmidt on August 8, 2016. (*Id.*, ¶ 30.) He also filed several inmate grievances regarding his medical care, all of which were denied. (*Id.*, ¶¶ 31-33.) Mr. McMorris believes that his walking and putting pressure on his knee

between March 2016 and August 2016 caused his injury to get worse. (*Id.*, ¶ 34.) He seeks monetary damages for relief.

*Legal Analysis*

To state a claim for relief under § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under the color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). Liability under § 1983 is predicated on a defendant's personal involvement in the constitutional deprivation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "An official satisfies the personal responsibility requirement of section 1983 … if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Id.* (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). He "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state a claim for relief under the Eighth Amendment, a plaintiff must allege that jail officials were "deliberately indifferent" to a substantial risk of serious harm to inmate health or safety. *Id.* at 834. Jail officials act with deliberate indifference

4

when they know of a substantial risk of serious harm and either act or fail to act in disregard of that risk. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). A medical need is sufficiently "serious" if the inmate's condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." *Id.* (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)).

Mr. McMorris tore several ligaments in his legs and knees in March 2016 and he could not see a doctor to fix the injuries until August 2016. Mr. McMorris experienced a substantial amount of pain during those six months, and his injuries were severe enough to warrant surgery. Mr. McMorris asserts repeatedly that Waterman, Edge, and Woods "ignored" his pleas for help and acted as though he was "faking" his injuries.

But other allegations in the complaint show otherwise. *See Thomas v. Farley*, 31 F.3d 557, 559 (concluding that a plaintiff can "plead[] himself out of court" by including particular facts showing that he has no claim). Mr. McMorris's own detailed description of every HSU request he made shows that Waterman, Edge, and Woods responded to each request and changed his "medical restrictions" with each request. Mr. McMorris received ice and crutches numerous times, he received extra pillows, a splint/brace, a muscle rub, acetaminophen tablets, Tylenol and Ibuprofen for an extended period of time, as well as other accommodations, such as "feed cell" and no work.

That Waterman, Edge, and Woods did not order the exact treatment Mr. McMorris wanted (for example, in one request Nurse Edge wrote "no long-term ice restrictions will be given") is of no moment because Mr. McMorris does not have a constitutional right to choose his treatment. *See Forbes v. Edgar*, 112 F.3d 262, 266-67 (7th Cir. 1997) (concluding that the Eighth Amendment does not provide an inmate with the right to "specific treatment"); *see also Cole v. Litscher,* No. 04-C-116-C, 2005 WL 1075515, at *7 (W.D. Wis. May 6, 2005) (concluding that the Eighth Amendment "does not mandate that prisoners be provided with the best treatment available or the treatment of their choosing").

The Court understands that Mr. McMorris experienced a substantial amount of pain while he waited for his surgery, and he ideally he would have received treatment sooner. However, nothing in the complaint suggests that Waterman, Edge, and Woods were "deliberately indifferent" to his pain or to his need for treatment. As Mr. McMorris acknowledges in his own complaint, " there [wa]s a long list of inmates that need[ed] to be seen and have surgery," and the allegations in the complaint show that prison staff attempted to make him comfortable in the meantime.

Further, as acknowledged in his pleading, Denise Stelpflug, the "medical assistant personnel" responsible for scheduling surgery consultations, did schedule Mr. McMorris for an orthopedic consult and for surgery. Again, both appointments would have occurred sooner in an ideal world, however; Dr. Schmidt was not available at the prison until "the first week of August." Nothing in the record

6

suggests that this was not true or a subterfuge created to cause Mr. McMorris to suffer unduly. Mr. McMorris later saw Dr. Schmidt on August 8, 2016.

Finally, Nursing Coordinator J. Labelle was the "reviewing authority" for his inmate grievances and had the authority to intervene and provide him relief. As discussed above, however, defendants Waterman, Edge, Woods, and Stelpflung did not act with deliberate indifference toward his injuries, and therefore, Labelle had no duty to intervene and provide other relief. Accordingly, the Court recommends that Mr. McMorris' complaint be dismissed for failure to state a claim upon which relief can be granted.

*Order*

**THEREFORE, IT IS RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal. Objections are to be submitted to institution staff, who will scan and email documents to the court. If plaintiff ceases to be incarcerated at a Prisoner E-Filing institution, he will be required to submit his objections to:

Office of the Clerk

United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

Dated at Milwaukee, Wisconsin, this <u>28th</u> day of July, 2017.

**BY THE COURT:**

<u>*s/ David E. Jones*</u>
DAVID E. JONES
United States Magistrate Judge