# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| RYAN MCMORRIS,<br><br>                    Plaintiff,<br>v.<br><br>J. WATERMAN, J. LABELLE, R.N.<br>EDGE, R.N. WOODS, and DENISE<br>STELPFLUG,<br><br>                    Defendants. | Case No. 16-CV-1417-JPS<br><br><br><br>**ORDER** |

Plaintiff, who is incarcerated at the Fox Lake Correctional Facility, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). As noted in prior orders, Magistrate Judge David E. Jones has issued a report and recommendation to this Court, recommending that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted. (Docket #23); *see also* (Docket #25). Plaintiff did not object to the recommendation within the allotted time, and so the Court adopted the recommendation and dismissed this case. (Docket #25, #26).

Plaintiff then sought reconsideration of that order, arguing that he had not received a copy of the recommendation therefore could not object to it. (Docket #27). The Court afforded Plaintiff until September 18, 2017, to file any objections he had to Magistrate Jones' recommendation. (Docket #29). He was later granted an extension of time to file objections until

October 13, 2017. (Docket #31). Several days after that deadline expired, on October 17, 2017, he finally filed his objections. (Docket #32).[1]

A party objecting to a magistrate judge's report and recommendation must offer specific objections. *See* Fed. R. Civ. P. 72(b)(1). The Court must determine de novo any part of the magistrate judge's disposition that has been properly objected to. *Id.* 72(b)(3).

Plaintiff's offers objections to the magistrate's report and recommendation only as to Nurse Edge and his claim that she was deliberately indifferent to his serious medical needs. (Docket #32 at 1). He says that he alleged that Nurse Edge displayed "gross negligence" in initially misdiagnosing Plaintiff's knee as less serious than he believes it was. *Id.* Plaintiff further claims that Nurse Edge's negligence was confirmed later by the findings of Nurse Practitioner Addison, who found that Plaintiff's condition was more serious and needed review by a doctor. *Id.* According to Plaintiff, because of Nurse Edge's misdiagnosis, needed treatment was unnecessarily delayed. *Id.* at 1–2.

Plaintiff's objection is without merit. First, negligence or even gross negligence does not rise to the level of a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Deliberate indifference is a higher standard. Second, to the extent Plaintiff believes that Nurse Edge was incompetent, it does not follow that

---

[1]The next day, Plaintiff filed another one-page document purporting to contain additional objections to the report and recommendation. (Docket #33). The Court will not consider this filing, as Plaintiff is not allowed to submit objections piecemeal and this submission is even more untimely than the first. Further, to the extent Plaintiff alleges in this filing that he was not sent a copy of the report and recommendation by the Court, this is simply untrue. The Court's records reflect that it mailed him a copy of the report and recommendation along with its order of September 11, 2017. *See* (Docket #29).

she was deliberately indifferent to her needs. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010); *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261–62 (7th Cir. 1996). The severity of his condition was not so plain, or so mandating his preferred course of treatment, as to be obvious to any observer. *See Steele v. Choi*, 82 F.3d 175, 179 (7th Cir. 1996). She made a considered judgment under the circumstances, and Section 1983 is not an avenue for prisoners to second-guess the treatment decisions of prison medical staff. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). At worst, she indeed misdiagnosed his knee injury, but even a misdiagnosis is permissible under the Constitution. *Walker v. Zunker*, 30 F. App'x 625, 628 (7th Cir. 2002) ("Mere dissatisfaction with a particular course of treatment, or even malpractice, does not amount to deliberate indifference."). Consequently, Plaintiff's objection must be overruled and Magistrate Jones' report and recommendation will be adopted.

Furthermore, the Court finds that Plaintiff's motion for reconsideration of the Court's dismissal order, to the extent it requests leave to amend the complaint, is without merit. *See* (Docket #27 at 1). Nothing in Plaintiff's filings suggests that he can cure the deficiencies the Court has identified. *Foman v. Davis*, 371 U.S. 178, 181–82 (1962) (denial of leave to amend is appropriate when amendment would be futile). Further, his present request for leave to amend is merely an echo of his long since passed request for the same in response to Magistrate Jones' original dismissal order. *See* (Docket #11). Magistrate Jones refused to reconsider his dismissal order on Plaintiff's prior arguments, and this Court sees no reason to revisit that decision. *See* (Docket #19). Indeed, the magistrate found that even if Plaintiff was allowed to add certain proposed new allegations—which were patently inconsistent with his original allegations—he still

could not state a claim. *Id.* at 3. This Court is of like mind, and Plaintiff's motion will, therefore, be denied, and this case will be dismissed.[2]

Accordingly,

**IT IS ORDERED** that the Court's August 18, 2017 order and judgment dismissing this action (Docket #25 and #26) be and the same are hereby **VACATED**;

**IT IS FURTHER ORDERD** that Plaintiff's motion for reconsideration of the Court's order and judgment dismissing this action (Docket #27) be and the same is hereby **DENIED**;

**IT FURTHER IS ORDERED** that Magistrate Judge David E. Jones' Report and Recommendation (Docket #23) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined; and

---

[2]Plaintiff asks that, if the Court finds that it must dismiss his case, that he be allowed to dismiss voluntarily in order to avoid the imposition of a strike under 28 U.S.C. § 1915(g). (Docket #32 at 2). Plaintiff was afforded an opportunity to voluntarily dismiss this action in November 2016 in order to avoid a strike. (Docket #8 at 2–3). He did not do so, and having pressed forward toward a merits ruling, he cannot turn back now. The case will be dismissed with prejudice and a strike will be assessed.

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bona fide arguments supporting his appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge